UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| TERRY SELLNER, | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 14-CV-1366 |
| DEBORAH SHEPPARD, *et al.*, | ) |
|        Defendants. | ) |

## MERIT REVIEW AND CASE MANAGEMENT ORDER

The plaintiff, proceeding pro se was granted leave to proceed in forma pauperis in this civil case. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013).

The Court has reviewed the Complaint and has also held a merit review hearing in order to give the plaintiff a chance to personally explain his claims to the Court.

The plaintiff alleges that he was illegally seized in February 2014 without probable cause, without being read his rights, and without an opportunity to make a phone call. Detective Johnson, the person allegedly responsible for the illegal detention, told the plaintiff that he had violated an order of protection, but the plaintiff maintains that no order of protection existed. The plaintiff alleges that all he did was tell the mother of his children in a text that he loved her. The plaintiff eventually pleaded guilty to violating an order of protection and is currently serving that sentence.

The plaintiff sues Judge Drazewski (the sentencing judge), Detective Johnson, Public Defender David Rumley, and McClean County Illinois, for the plaintiff's false detention, malicious prosecution, and criminal sentence.

In a separate matter, the plaintiff also appears to challenge ongoing state court proceedings to terminate his parental rights. According to the attachments to the complaint, the plaintiff voluntarily agreed to surrender his parental rights in order to facilitate the adoption of his child(ren) by Deborah Sheppard. According to the attachments, a hearing on the adoption is set for January 15, 2015.

The only viable federal claim the court can discern is a potential Fourth Amendment claim against Detective Johnson for arresting and detaining the plaintiff without probable cause. The judge presiding over the plaintiff's criminal case is absolutely immune from this lawsuit, *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011), and the plaintiff's public defender is not a state actor, *Polk County v. Dodson*, 454 U.S. 312 (1981). Also, the plaintiff cannot challenge his conviction or sentence in this lawsuit. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Lastly, the plaintiff's challenges to the state court adoption proceedings must be made in those proceedings.

**IT IS THEREFORE ORDERED:**

1. Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff states a Fourth Amendment claim against Detective Ryan Johnson. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2. Defendants Sheppard, Fuerta, Frontier, McLean County, Rumley, Koetters, and Drazewski are dismissed and terminated because the plaintiff fails to state a federal claim against these defendants.

3. This case is now in the process of service. The plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions. Motions filed before defendant's counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

4. The Court will attempt service on the defendant by mailing each defendant a waiver of service. The defendant has 60 days from the date the waiver is sent to file an answer. If the defendant has not filed answers or appeared through counsel within 90 days of the entry of this order, the plaintiff may file a motion requesting the status of service. After the defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.

5. With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the Clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

6. The defendant shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this opinion. In general, an answer sets forth the defendant's positions. The Court does not rule on the merits of those positions unless and until a motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered.

7. This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the Clerk. The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk. The plaintiff must mail his discovery requests and responses directly to defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel. Discovery does not begin until defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendant is hereby granted leave to depose the plaintiff at his place of confinement. Counsel for the defendant shall arrange the time for the deposition.

9. The plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

10. If a defendant fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

11. The clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

12. The clerk is directed to attempt service on Defendant Johnson pursuant to the standard procedures.

Entered this 29th day of December, 2014.

s/Harold A. Baker
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE